1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Scott K. Dauscher        State Bar No. 204105
       SDauscher@aalrr.com
3  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
4  Telephone:  (562) 653-3200
   Fax:  (562) 653-3333
5
6  GOLDBERG KOHN LTD.
   David E. Morrison (pending pro hac vice admission)
7  Lindsay M. Hagy (pending pro hac vice admission)
   Meredith S. Kirshenbaum (pending pro hac vice admission)
8  55 East Monroe, Suite 3300
   Chicago, Illinois  60603
9  Telephone:  (312) 201-4000
   Fax:  (312) 332-2196
10
   Attorneys for Defendants Abbott Laboratories, Inc.,
11 Abbott Vascular, Inc., Paul Kuznik and Bill Davis

12              UNITED STATES DISTRICT COURT

13   NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

14

15 MARLENE WASHINGTON,                    Case No.  _____

16                      Plaintiff,
                                          **NOTICE OF REMOVAL**
17 v.

18 ABBOTT LABORATORIES, INC., a
   Delaware corporation; ABBOTT
19 VASCULAR, INC., a Delaware
   corporation; PAUL KUZNIK; BILL
20 DAVIS; and DOES 1-100, inclusive,

21                      Defendants.

22

23 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24        Abbott Laboratories Inc. and Abbott Vascular, Inc. ("Abbott"), and Paul

25 Kuznik and Bill Davis (the "Individual Defendants") (collectively "Defendants") by

26 and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C.

27 § 1446 of the removal of the above-captioned case from the Superior Court of the

28 State of California, County of Santa Clara, to the United States District Court for the

**ATKINSON, ANDELSON, LOYA, RUUD & ROMO**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    Northern District of California. The Court has subject matter jurisdiction under 28

2    U.S.C. § 1331, and the matter is therefore removable pursuant to 28 U.S.C. §§ 1441

3    and 1446.

4        As explained below, while the First Amended Complaint (the "FAC") of

5    Plaintiff Marlene Washington asserts only state law rights of action, the viability of

6    those rights of action is predicated upon substantial and disputed questions of

7    federal law under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 *et*

8    *seq*. Specifically, throughout the FAC, Plaintiff relies substantially on alleged

9    violations of the FMLA. Further, Plaintiff's counsel has confirmed prior to this

10   filing that Plaintiff fully intends to prove that her leave contributed to her claims of

11   discrimination, retaliation, harassment and malicious and oppressive conduct, and

12   seeks remedies associated therewith. As a result, Plaintiff's claims depend

13   substantially upon the resolution of disputed and substantial questions of federal law

14   over which federal courts have original jurisdiction. *See Grable & Sons Metal*

15   *Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In accordance with

16   28 U.S.C. § 1446(a), Defendants further state as follows:

17                          **PROCEDURAL BACKGROUND**

18       1.    On August 27, 2014, Plaintiff commenced an action in the Superior

19   Court of the State of California in and for the County of Santa Clara, Case No.

20   114CV269948.

21       2.    On September 17, 2014, Plaintiff filed the FAC and a Summons. On

22   September 24, 2014, Plaintiff caused a copy of the Summons and the FAC to be

23   served upon the Individual Defendants (*see* attached Exhibit A), and on September

24   25, 2014, Plaintiff caused a copy of the Summons and the FAC to be served upon

25   Abbott. *See* attached Exhibit B. In accordance with 28 U.S.C. § 1446(a),

26   Defendants have attached true and correct copies of all process, pleadings, and

27   orders served upon it as of the date of this Notice of Removal of Action, as well as

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    the Answers of the Individual Defendants and Abbott Vascular, Inc. that were filed

2    on October 22, 2014.  *See* Exhibits A, B and H.

3        3.    Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal is timely filed if

4    it is filed within 30 days of receipt of formal service of the complaint.  *See Murphy*

5    *Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that 30-

6    day time period under removal statute begins to run from the date of formal service).

7    Plaintiff has only formally served the Summons and FAC.  Defendants' filing is

8    within 30 days of the formal service of the FAC, and is thus timely filed pursuant to

9    28 U.S.C. § 1446(b).  Further, all Defendants are a party to this notice.

10        4.    Removal of this action to the United States District Court for the

11    Northern District of California is proper pursuant to 28 U.S.C. § 1441(a), because

12    this District embraces the Superior Court of the State of California, County of Santa

13    Clara, the forum in which this action was pending.

14        5.    Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written

15    notice of the filing of this Notice of Removal to Plaintiff and will file a written

16    notice of removal with the Clerk of the Superior Court of the State of California,

17    County of Santa Clara, in the form of notice attached as Exhibit C.

18                            **JURISDICTION**

19        6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

20    1331 because Plaintiff's claims necessarily raise disputed federal questions "arising

21    under" the laws of the United States.  Federal question jurisdiction exists where "the

22    plaintiff's right to relief necessarily depends on resolution of a substantial question

23    of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation*

24    *Trust*, 463 U.S. 1, 27-28 (1983).  Plaintiff's claims necessarily rely on Abbott's

25    alleged violations of the FMLA.  In addition, Plaintiff claims that the FMLA

26    violations led to the Defendants' allegedly discriminatory and harassing conduct

27    against her.  Plaintiff's claims are therefore premised on the interpretation of the

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    FMLA and its regulations, and arise under the laws of the United States pursuant to

2    28 U.S.C. § 1331.

3         7.    In the FAC, Plaintiff asserts 13 different state law claims.  Plaintiff,

4    however, cannot avoid federal jurisdiction merely by styling her claims as based on

5    state law.

6         8.    In *Grable*, the United States Supreme Court recognized that it has

7    consistently held "for nearly 100 years that in certain cases federal-question

8    jurisdiction will lie over state-law claims that implicate significant federal issues."

9    545 U.S. at 312.  In affirming the removal of the state law claims in that case, the

10   Court held that "a federal court ought to be able to hear claims recognized under

11   state law that nonetheless turn on substantial questions of federal law, and thus

12   justify resort to the experience, solicitude and hope of uniformity that a federal

13   forum offers on federal issues."  *Id*.  The Court explained that the test for whether a

14   federal court should hear a case under this doctrine is not whether the federal statute

15   provides a parallel private right of action, but whether the "state-law claim

16   necessarily raise[s] a stated federal issue, actually disputed and substantial, which a

17   federal forum may entertain without disturbing any congressionally approved

18   balance of federal and state judicial responsibilities."  *Id.* at 314.  S*ee also Sparta

19   Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir.

20   1998) (affirming denial of motion to remand where complaint stated only California

21   state law claims, finding that "although [Plaintiff's] theories are posited as state law

22   claims, they are founded on the defendants' conduct … the propriety of which must

23   be exclusively determined by federal law"); *Broder v. Cablevision Sys. Corp.*, 418

24   F.3d 187, 195-96 (2d Cir. 2005) (upholding removal where a state-law claim

25   "involve[d] aspects of the complex federal regulatory scheme").

26        9.    Consistent with *Grable*, a federal appellate court has held that "federal

27   question jurisdiction exists where (1) resolving a federal issue is necessary to

28   resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). All four of these conditions are present here, and removal is therefore appropriate.

10.    First, resolving federal issues associated with the FMLA is necessary to the resolution of Plaintiff's claims.   Plaintiff challenges Defendants' actions in connection with leaves of absence she took while she was working in Missouri, and that therefore are not protected by the California Family Rights Act ("CFRA"), but only by the FMLA.

11.    Plaintiff alleges that between June 2009 to September 2011, Plaintiff was working in California.  (FAC, ¶ 14).  In or about September 2011, however, Plaintiff was promoted to a Missouri-based Midwest Regional Sales Manager position, and starting in June 2012, was working out of Missouri.  (FAC, ¶¶ 17, 20). Plaintiff then alleges that beginning in July 2012, Defendant Paul Kuznik ("Kuznik") harassed Plaintiff and caused her to incur migraine headaches.  (FAC, ¶ 23).  Plaintiff claims that in September 2012, she "applied for leave pursuant to the Family Medical Leave Act and/or its California counterpart, the California Family Rights Act (collectively 'FMLA')," (FAC, ¶ 24), and that "on learning about Plaintiff's request for FMLA leave, Kuznik commented to Plaintiff that he had never had to fill out medical leave paperwork before, or words to that effect." (FAC, ¶ 25). Plaintiff alleges that a month later in October 2012, Kuznik provided Plaintiff with a negative review, Plaintiff "took a week off work because of work-related stress", and "on Plaintiff's return from leave, Kuznik wrote Plaintiff up for allegedly failing to communicate her medical leave."  (FAC, ¶¶ 26-28).  Plaintiff contends that on November 25, 2012, "Plaintiff sent an email to Kuznik advising him that she had to see a doctor on November 26, 2012," (FAC, ¶ 34), and that the next day "Kuznik wrote Plaintiff up for delinquent expense reports" and two days later "Kuznik emailed Plaintiff a negative performance review …."  (FAC, ¶¶ 35-36).  Plaintiff

014519.00013
12557149.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

alleges that "[o]n or about November 29, 2012, Plaintiff's doctor placed Plaintiff on leave from November 29 through December 6, 2012.    This leave was further extended by Plaintiff's doctor." (FAC, ¶ 38).

12.    Plaintiff contends that "[i]n or about January, 2013, while Plaintiff was out on a medical leave of absence, [Abbott] hired a Caucasian male for Plaintiff's position.    This was despite [Abbott's] own policy that it would hold a person's position open for up to six months."  (FAC, ¶ 44).  Plaintiff claims that "[o]n or about January 31, 2013, Dr. Akindele Kolade confirmed that Plaintiff was being treated for Major Depressive Disorder and Post-Traumatic Stress Disorder.  Dr. Kolade recommended that Plaintiff be excused from work."  (FAC, ¶ 45).  Plaintiff alleges that it was not until "October 28, 2013, [that] Plaintiff was officially deemed fit to return to work by Dr. Kolade," but then was informed that "there were no positions available for Plaintiff and [Abbott] kept Plaintiff on an unpaid involuntary leave of absence."  (FAC, ¶¶ 47-48).  Plaintiff claims that on or about "November 19, 2013, [Abbott] informed Plaintiff that her unpaid involuntary leave would expire on January 31, 2014."  (FAC, ¶ 49).

13.    Plaintiff contends that on "March 4, 2014, Plaintiff became aware that her old position as Midwest Regional Sales Manager was open again and Plaintiff asked to be reinstated to this position.  [Abbott] refused to reinstate Plaintiff to this position."  (FAC, ¶ 51).  Shortly thereafter, however, on March 17, 2014, "[Abbott] offered Plaintiff a position as a Project Manager in Marketing at [Abbott's] Santa Clara office," which Plaintiff accepted on April 7, 2014.  (FAC, ¶¶ 52, 54).  Plaintiff complains that the Project Manager position she was offered and accepted "is not comparable to Plaintiff's former position as Midwest Regional Sales Manager of [Abbott].  Plaintiff's total compensation is substantially less than what she was receiving as Midwest Regional Sales Manager and the Project Manager position has different duties and responsibilities, and requires different skills and effort, and has

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

less authority." (FAC, ¶ 54). Plaintiff repeats these essential background allegations in each and every count in the FAC.

14.    Plaintiff then specifically complains throughout the FAC that Defendants discriminated against, retaliated and harassed Plaintiff by failing to reinstate her to a comparable position to her Missouri-based Midwest Regional Sales Manager position on her return from FMLA leave, (FAC, ¶¶ 64, 73, 82, 91, 98, 105), which allegation is repeated and incorporated into the subsequent causes of action.

15.    Plaintiff also specifically alleges that her medical condition was a motivating factor for her allegedly adverse actions in part based on "Kuznik's comment that he had never had to fill out FMLA paperwork before, or words to that effect, and by the proximity in time of the adverse employment action to Plaintiff taking FMLA leave." (FAC, ¶ 83). Plaintiff brings a specific claim associated with her 2012 and 2013 leaves of absence, claiming that Abbott and Kuznik "interfered, restrained, or denied the excise of, or attempt to exercise, Plaintiff's rights under CFRA, and discriminated against Plaintiff for exercising her rights under the CFRA, by failing to reinstate Plaintiff to the same or a comparable position after her CFRA leave, continuing to attempt to communicate with Plaintiff while Plaintiff was out on leave and by issuing Plaintiff with unwarranted write-ups on learning of Plaintiff's intent to take CFRA leave." (FAC, ¶ 98). Finally, among the relief Plaintiff seeks is "liquidated damages" – a remedy provided for only in the FMLA. (FAC, p. 22).

16.    After receiving service of the FAC, Defendants' counsel wrote to Plaintiff's counsel on October 10, 2014, informing Plaintiff of its contention that the FAC asserted claims arising under the laws of the United States, and sought Plaintiff's position on the matter. *See* Exhibit D. In response, Plaintiff's counsel confirmed on October 15, 2014, that Plaintiff indeed intended to rely on her leave status to prove her claims, but contended that since Plaintiff defined the term

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   "FMLA" in the FAC to mean the federal FMLA and/or the CFRA, it should be

2   interpreted to mean just the CFRA. *See* Exhibit E.

3        17.   In an effort to further meet and confer on this issue, Defendants'

4   counsel replied on October 17, 2014, pointing out that Plaintiff's "reliance on the

5   FMLA throughout the FAC was necessary and intentional." *See* Exhibit F.

6   Plaintiff's leaves could not have been protected by the CFRA as a matter of law.  An

7   "[e]ligible employee" under the CFRA is defined by the California Code of

8   Administrative Regulation, 2 CCR § 11087(e), to mean an employee "working in

9   California…." Yet, all of the events related to Plaintiff's leaves of absence in 2012

10  and 2013 occurred while Plaintiff was *working* in her Missouri-based Midwest

11  Regional Sales Manager position, and not while she was "working in California."

12  Thus, when Plaintiff alleges that in September 2012, she "applied for leave pursuant

13  to the Family Medical Leave Act and/or its California counterpart," (FAC, ¶ 24), she

14  did so recognizing that as an employee working in Missouri, she was not eligible for

15  leave under the CFRA, but rather the FMLA.  Plaintiff's subsequent leaves in

16  November and December 2012 likewise occurred while Plaintiff was working in

17  Missouri, not California, and therefore when she was not eligible for CFRA-

18  protected leave.

19       18.   Indeed, the very position from which Plaintiff was granted an allegedly

20  protected leave of absence was her Missouri-based Midwest Regional Sales

21  Manager position, not a position in California.  Likewise, the position Plaintiff

22  claims was not held open for her but instead from which she was replaced, and that

23  she claims she had a right to be reinstated to and to which Abbott allegedly refused

24  to reinstate her was "her old position as Midwest Regional Sales Manager" - in

25  Missouri.  (FAC, ¶ 51).

26       19.   Therefore, it cannot be questioned that Plaintiff's claims turn

27  substantially on whether Defendants violated the FMLA by failing to provide

28  Plaintiff a comparable position to her Missouri-based Midwest Regional Sales

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  Manager position when she was released to return to work by her doctor, whether in

2  doing so they harassed, discriminated against, retaliated against and interfered with

3  Plaintiff's rights, and whether Plaintiff is entitled to damages that flow from such

4  alleged conduct.  Those are patently issues of federal law, as their resolution

5  requires the interpretation and application solely of the FMLA and associated

6  federal regulations and not the CFRA because Plaintiff was not an "eligible

7  employee" under the CFRA in connection with her 2012 and 2013 leaves of

8  absence.

9      20.    Plaintiff cannot escape the fact that federal standards control by only

10  alleging state-law claims.  As alleged, Plaintiff's state law claims turn on the

11  interpretation of federal law.  To prove that Defendants failed to adhere to rights

12  protected by the FMLA, and harassed her by their failure to adhere to the FMLA,

13  Plaintiff must necessarily prove that Defendants' actions contravened the FMLA and

14  its regulations.  *Sparta*, 159 F.3d  at 1212 ("'[a]ny claim stemming from NASD's

15  decision to de-list an offering is necessarily based on an assumed violation of the

16  rules governing such procedures….' If NASD's actions conformed to the rules, there

17  can be no viable cause of action; if its actions violated the rules, the claim falls

18  under the imperative of [the federal statute] which grants the federal courts

19  'exclusive jurisdiction….'").  Whether Plaintiff can make this showing depends on

20  interpretation and application of the federal FMLA and its associated federal

21  regulations.

22      21.    While Plaintiff styled her Fifth Cause of Action as one brought under

23  the CFRA for interfering with, restraining, or denying the exercise or attempt to

24  exercise rights to protected leave, since she was not eligible for *CFRA* leave from

25  her Missouri-based position as a matter of law in 2012 and 2013, the rights she

26  seeks to vindicate are in actuality ones that only the *FMLA* provide.  (Indeed,

27  Plaintiff has asserted Ms. Washington's right to liquidated damages, which is an

28  award available only under the FMLA, not the CFRA.)  Therefore, if Plaintiff is

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  entitled to any relief on any claim associated with a protected leave of absence from

2  the Missouri-based Midwest Regional Sales Manager position (which Defendants

3  contest), it will require the Court to interpret and apply the federal FMLA.

4      22.    Defendants' counsel concluded his October 17, 2014 meet and confer

5  letter with a request that Plaintiff's counsel "explain the basis on which your client

6  was an 'eligible employee' under the CFRA in connection with her leaves of absence

7  from the Missouri-based Midwest Regional Sales Manager position." *See* Exhibit F.

8  Plaintiff's counsel responded on October 21, 2014, but failed to dispute (as she could

9  not) that all events relating to Plaintiff's leaves of absence in 2012 and 2013

10  occurred while she was working in her Missouri-based Midwest Regional Sales

11  Manager position. *See* Exhibit G. Rather, she merely asserted that not "all of the

12  events that are subject of the First Amended Complaint occurred while Ms.

13  Washington was working in her Missouri-based Midwest Regional Sales Manager

14  position." *Id.* It is irrelevant to Plaintiff's contentions concerning alleged FMLA

15  violations, however, that she had at one point worked in California, or that she

16  subsequently worked in California beginning in April 2014. Plaintiff's counsel's

17  October 21, 2014 letter thus confirmed that the FAC cannot assert a good faith

18  CFRA claim here, and that the causes of action that implicated FMLA violations

19  were in fact related to the federal FMLA, not the CFRA.

20      23.    Second, the core issues of federal law — whether Defendants' actions

21  violated the FMLA — are disputed in this case. Among other things, Defendants

22  intend to challenge Plaintiff's claim that Abbott was obligated but failed to return

23  her to a position comparable to her Missouri-based Midwest Regional Sales

24  Manager position.

25      24.    Third, Plaintiff's claims involve substantial federal issues. The FMLA

26  is unquestionably an area of substantial interest to the federal government. The

27  Defendants do not contend that California would not have an interest in remedying

28  the alleged harm addressed by the FAC, but the federal interest in questions

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  surrounding the FMLA and its regulations far outweighs any state interest. In

2  *Grable*, the Supreme Court noted that federal question jurisdiction is appropriate in

3  cases where there is a federal interest in "claiming the advantages thought to be

4  inherent in a federal forum." 545 U.S. at 313. The Court held that, in that case,

5  "[t]he meaning of a federal tax provision is an important issue of federal law that

6  sensibly belongs in a federal court." *Id.* at 315. Likewise, the meaning and

7  interpretation of the FMLA and its related federal regulations are "important issue[s]

8  ... that sensibly belong[] in federal court." *Id.*

9      25.    Fourth, allowing for a federal forum in this case will not upset the

10  balance between federal and state judiciaries. A comparison of the relative

11  complexity of the federal and state law that would be applied by Plaintiff's claims

12  weighs in favor of a federal forum. While Plaintiff's claims will require a federal

13  court to apply California state law, the questions raised by that process will involve

14  the application of settled state law with which the federal courts also have

15  considerable experience. In contrast, a state court addressing Plaintiff's claims

16  would be required to interpret and apply the FMLA - a complex federal regulatory

17  scheme intended to be interpreted by federal courts.

18      26.    In sum, the fundamental allegation in the FAC — that Defendants

19  violated the FMLA and thereby harassed, discriminated against, retaliated against,

20  interfered with and damaged Plaintiff — requires resolution of the question of

21  whether the actions in fact violated federal law and regulations, and whether

22  Plaintiff is entitled to certain remedies arising therefrom. Because Plaintiff was not

23  entitled to the protections of the CFRA while she was on leave from her work in

24  Missouri in 2012 and 2013, and thus was not entitled to be reinstated to her

25  Missouri-based position pursuant to the CFRA, these are uniquely federal questions

26  that must be analyzed through the application of a uniquely federal regulatory

27  regime.

28

1

WHEREFORE, Defendants Abbott Laboratories Inc., Abbott Vascular, Inc.,

2

Paul Koznik and William Davis hereby remove this action to the United States

3

District Court for the Northern District of California.

4

5

Dated:  October 23, 2014                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

6

7

By:  /s/ Scott K. Dauscher

8

Scott K. Dauscher
Attorneys for Defendants Abbott

9

Laboratories, Inc., Abbott Vascular, Inc.,
Paul Kuznik and Bill Davis

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

NOTICE OF REMOVAL

1

## PROOF OF SERVICE

2

(CODE CIV. PROC. § 1013A(3))

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

6

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 12800 Center Court Drive South, Suite 300,Cerritos, California 90703-9364.

7

8

On October 23, 2014, I served the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

9

10

11

12

13

| Jonathan R. Babione<br>Sally T. Fox<br>FRANKEL GOLDWARE FERBER LLP<br>2603 Camino Ramon, Suite 385<br>San Ramon, California 94583 | **Attorneys for Plaintiff**<br>**Marlene Washington**<br><br>Telephone:  (925) 355-9800<br>Facsimile:   (925) 355-9801<br>E-Mail:<br>    jbabione@danvillelaw.com<br>    sfox@danvillelaw.com |
|---|---|

14

15

16

17

18

19

☑  **BY MAIL:** I deposited such envelope in the mail at Cerritos, California. The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

20

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed on October 23, 2013, at Cerritos, California.

24

25

Shawn Cress

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333